IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 16-0073 |
| v. | ) Hon. Nora Barry Fischer |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER**

AND NOW, this 8th day of February, 2016, upon consideration of Plaintiff Lisa Parker's *Pro Se* Motion to Proceed *In Forma Pauperis* (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the *In Forma Pauperis* Status of *Pro Se* Plaintiff Lisa Parker ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice, for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). As recognized by the United States Court of Appeals for the Third Circuit, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d

412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. Conoco Phillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. Plaintiff specifically claims that the Court has jurisdiction under the Uniform Commercial Code ("UCC"), Article 3. (Docket 1-1 at 2). Pennsylvania's version of the UCC as adopted is codified at Pennsylvania Uniform Commercial Code, 13 Pa.C.S. §§ 1101-9710. Unless Plaintiff can show that the court has diversity jurisdiction, the Court lacks jurisdiction over Plaintiff's attempted state law claim. *See Alnor Check Cashing v. Katz*, 821 F.Supp. 307, 314 (E.D.Pa. 1993) (dismissing claims under Pennsylvania Commercial Code for lack of subject matter jurisdiction).

Plaintiff appears to be a citizen of Pennsylvania. Plaintiff sues Nationstar Mortgage, LLC ("Nationstar"), and simply lists an address for Defendant in Texas. That is insufficient. At present, based on the Complaint, Defendant is a citizen of unknown origin. As Defendant is an LLC, the citizenship of Defendant is determined by the citizenship of each of its members, with the requirement that each be diverse. *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.2d at 418-419 (treating LLC as a partnership for determining complete diversity). Plaintiff does not indicate the citizenship of any much less all of Nationstar's members. As such, Plaintiff has not met his

burden to show that the parties are completely diverse and that this case is properly brought under 28 U.S.C. § 1332. *See McCracken*, 335 F.App'x. at 162-163. Thus, the Court must dismiss this matter as jurisdiction has not been shown by Plaintiff. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court additionally observes that it previously dismissed an action by Plaintiff against Nationstar that included seemingly some of the same factual assertions. *Compare* (Docket No. 1-1 at 2, § 1) *with Parker v. Nationstar Mortgage LLC*, W.D. Pa. Civil Action No. 15-874 (Docket No. 16 at 4) (both alleging Nationstar Mortgage LLC is not holder in due course). In the prior action, the Court determined that Plaintiff was precluded from asserting any claim that called into question the validity of Nationstar's right to collect payments under a certain mortgage. (Civ. Act. No. 15-874, Docket No. 16 at 17). The Court dismissed that action on October 27, 2015, and Plaintiff had thirty days to appeal, which she did not. To the extent Plaintiff here seeks merely to relitigate matters determined in prior actions, she is cautioned that she will not be permitted to proceed through any refiling. 28 U.S.C. § 1915(e)(2)(B). *Gleash v. Yuswak,* 308 F.2d 758, 760 (7th Cir. 2002), cited with approval by *Ezekoye v. Ocwen Federal Bank FSB,* 179 Fed.App'x. 111, 114 (3d Cir. 2006).

For these reasons, Plaintiff has failed to establish that this Court has subject matter jurisdiction over his case, and therefore, Plaintiff's Complaint is hereby DISMISSED, without prejudice, to the extent Plaintiff can establish complete diversity of the parties and to the extent any subsequent filing makes clear that Plaintiff is not seeking to relitigate her prior claims and is not asserting any claim calling into question the validity of Nationstar's right to collect payment

under the mortgage.

The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Lisa Parker, *pro se*
     38 Crestline Court
     Pittsburgh, PA 15221
     (regular and certified mail)